UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
BRENDA M. HORTON, :
: Case No. 5:19-cv-0321
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 1, 16, 17]
COMMISSIONER OF SOCIAL SECURITY :
ADMINISTRATION, :
:
Defendant. :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Commissioner of Social Security denied Plaintiff Brenda Horton's applications for disability insurance benefits and supplemental security income.[1] On January 2, 2020, Magistrate Judge James R. Knepp II recommended that the Court reverse Defendant's denial.[2] Defendant objects to the Report and Recommendation ("R&R").[3]

For the following reasons, the Court **OVERRULES** Defendant's objections, **ADOPTS** the R&R, **VACATES** the Commissioner's decision, and **REMANDS** this case to the Administrative Law Judge ("ALJ").

I. Background

Doctors diagnosed Plaintiff Horton with diabetes at a young age.[4] Plaintiff reported that she began having difficulty controlling the illness in 2016 after suffering a heart attack, when she was 40 years old.[5] Horton claims her numerous symptoms impact her ability to work.[6] These include pain and numbness which limit her ability to stand and bend, and

---
[1] Doc. 16 at 2.
[2] *Id.* at 1.
[3] Doc. 17.
[4] Doc. 16 at 2.
[5] *Id.*; Doc. 11 at 49.
[6] Doc. 16 at 2-4.

variability in her blood sugar, which she checks during unscheduled breaks.[7]

Plaintiff Horton filed for supplemental security income benefits in September 2016 and disability insurance benefits in November 2016, alleging that she became disabled on July 15, 2016.[8] The Social Security Administration denied her claims and her request for reconsideration.[9]

After a hearing, an administrative law judge ("ALJ") determined that Horton was not disabled.[10] The Social Security Appeals Council declined review,[11] making the ALJ's decision the final decision of the Commissioner.

In February 2019, Plaintiff Horton filed the instant action seeking review of the ALJ's decision.[12] Magistrate Judge Knepp issued an R&R, recommending that the Commissioner's decision be reversed and remanded for further proceedings.[13] Defendant Commission objected.[14]

## II. Standard

Because Defendant objected to Magistrate Judge Knepp's R&R, the Court reviews the objected-to portions of the R&R *de novo*.[15]

The Court's review of the ALJ's decision is limited to whether the decision was supported by substantial evidence and applied the correct legal standards.[16] A decision is supported by substantial evidence if, considering the entire record, "a reasonable mind

---

[7] *Id.* at 3, 11.
[8] *Id.* at 1.
[9] *Id.*
[10] *Id* at 2; Doc. 11 15-23.
[11] Doc. 16 at 2.
[12] Doc. 1.
[13] Doc. 16 at 1.
[14] Doc. 17.
[15] 28 U.S.C. § 636(b).
[16] *Blankenship v. Comm'r of Soc. Sec.*, 624 F. App'x 419, 423 (6th Cir. 2015).

might accept the relevant evidence as adequate to support a conclusion."[17]

In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility.[18] The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ.[19] When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made.[20]

### III. Discussion

The ALJ found that Plaintiff Horton was not disabled after finding that Horton had "the residual functional capacity to perform sedentary work," subject to some limitations, and such work was available in the national economy.[21]

To determine Horton's residual functional capacity, the ALJ considered the entire record, including the opinions of members of Horton's medical team and Horton's testimony.[22]

Magistrate Judge Knepp recommended reversing the ALJ's determination after finding the ALJ improperly discounted Horton's nurse practitioner's opinion without sufficient explanation.[23] The R&R also found the ALJ's consideration of Horton's subjective statements inadequate.[24]

Defendant objects, arguing that the ALJ's decision is supported by the record and that the R&R applies an incorrect legal standard.[25] The Court considers Defendant's

---

[17] *Id.* at 423–24.
[18] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[19] *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).
[20] *Siterlet v. Sec. of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).
[21] Doc. 11 at 25, 28.
[22] *Id.* at 25-27.
[23] Doc. 16 at 15.
[24] *Id.* at 21.
[25] Doc. 17 at 1-4.

objections in turn.

### a. The ALJ's Consideration of Nurse Practitioner Gargasz's Opinion is Not Substantially Supported by the Evidence.

The R&R disagreed with the assessment of one of Horton's medical providers, nurse practitioner Frank Gargasz. Gargasz found that Horton needed four or more unscheduled breaks during a work day.[26] The ALJ held:

> I afford some weigh to [Gargasz's] opinion insofar as the record supports limitations in the claimant's ability to reach/work overhead. However, the remainder of the opinion is not consistent with the overall record, which shows that the claimant's disorders improved as well as her daily activity level and current work activity. The claimant would not need time off task outside of usual breaks; she could check her blood-glucose during regular meal or break periods. Lastly, the claimant does not have considerable issues with fatigue, dizziness or shortness of breath warranting the need for unscheduled breaks.[27]

The R&R found that substantial evidence did not support the ALJ's reasons for discounting Gargasz's opinion.[28] Defendant presents two objections to this finding.

First, Defendant argues that the R&R cites to the wrong legal standard when evaluating the ALJ's treatment of Gargasz's opinion.[29] Defendant suggests that the R&R relies on a more-deferential standard reserved for treating physician's opinions rather than the less-deferential standard for other medical opinions.[30]

Generally, opinions from acceptable medical sources are given controlling weight.[31] But opinions from "other sources," including nurse practitioners, are "not entitled to

---

[26] Doc. 11 at 899.
[27] *Id.* at 26.
[28] Doc. 16 at 15-21.
[29] Doc. 17 at 2.
[30] *Id.*
[31] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

controlling weight."[32] Instead, "an ALJ has discrimination to determine the proper weight to accord opinions from 'other sources.'"[33] The ALJ "generally should explain the weight given to opinions for these 'other sources.'"[34]

While the R&R indeed discusses the deference given to treating physicians, it also describes a lesser deference given to other sources, including nurse practitioners.[35] The R&R analyzes whether the ALJ correctly applied the "other source" standard when evaluating nurse practitioner Gargasz's opinion.[36] The R&R did not, as Defendant claims, rely on the incorrect standard.

Second, he ALJ found that Horton's disorders had improved and that she would not need unscheduled breaks at work.[37] The R&R concluded that substantial evidence did not support this improvement finding.[38] Defendant objects, contending that "a common sense, holistic reading of the ALJ's decision" shows substantial evidence for the improvement opinion elsewhere in the ALJ's report.[39]

Defendant claims three pieces of record evidence demonstrate Horton's

---

[32] *Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 399 (6th Cir. 2014).
[33] *Id.* at 398.
[34] *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) (quoting SSR 06-03P (S.S.A. Aug. 9, 2006)). Although the Social Security Administration has rescinded SSR 06-03P, this change applies to claims filed after March 27, 2017, and Horton filed her claim in 2016. *See* Social Sec. Admin., *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5852-53, 2017 WL 168819.
[35] Doc. 16 at 15-17.
[36] *Id.* at 17-21 ("Although Mr. Gargasz is not a treating physician subject to the higher scrutiny of the treating physician rule, SSR 06-3p requires an explanation."). Relatedly, Defendant objects to the R&R's failure "to address or distinguish a contrary holding from a sister court within the district." Doc. 17 at 2 (citing *Morrow v. Comm'r of Soc. Sec.*, No. 1:18CV0403, 2019 WL 1428199 (N.D. Ohio Mar. 29, 2019)). But that holding was not contrary. Defendant suggests that the court in *Morrow* held that "a nurse practitioner's opinion is not entitled to any deference." The *Morrow* court held that "an ALJ is not required to give any *special deference* to statements from a nurse practitioner." *Id.* at *9 (emphasis added). This aligns with the Sixth Circuit's holding that "an ALJ has discrimination to determine the proper weight to accord opinions from 'other sources.'" *Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 398 (6th Cir. 2014). The R&R's lack of discussion of *Morrow* is not legal error.
[37] Doc. 11 at 26.
[38] Doc. 16 at 18.
[39] Doc. 17 at 2.

improvement.[40] First, in September 2017, nurse practitioner Gargasz noted that Horton's "[d]iabetes [was] much improved from previous [visit.]"[41] But as the R&R notes, medical records show that that, despite this relative improvement, Horton's condition was not stable after the September 2017 visit.[42]

Second, Defendant cites the ALJ's finding that Horton had "issues with medical compliance" in March 2018.[43] But the R&R notes that there was not substantial evidence of noncompliance.[44] And an independent review of the record shows that, while Horton's "[d]iabetes [was] not well controlled," there is not substantial evidence that Horton was not compliant.[45]

Third, Defendant contends that the ALJ correctly inferred from the record that "use of an insulin pump would better regulate Plaintiff's blood sugar," and would give improvement to Horton's condition.[46] The Court "must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision."[47]

The ALJ's report states that "the record shows that [Horton] has an insulin pump, which regulates her blood sugar level better than her previous regimen."[48] But as the R&R notes, there is no support for this inference in the record.[49] Horton has an insulin pump, but the only evidence in the record of its impact is Horton's testimony, where she states

---

[40] *Id.* at 3.
[41] Doc. 11 at 1308.
[42] *See* Doc. 16 at 18 (listing evidence).
[43] Doc. 17 at 3 (citing Doc. 11 at 26).
[44] Doc. 16 at 19.
[45] *See* Doc. 11 at 1963. *But see id.* at 1969 (noting in a February 2018 visit that "[p]atient is giving a lot higher correction").
[46] Doc. 17 at 3.
[47] *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 5 (6th Cir. 2004).
[48] Doc. 11 at 27.
[49] Doc. 16 at 23.

that her diabetes is uncontrolled notwithstanding the pump.[50]

R&R applies the correct standard. And under that standard, the ALJ's reasons for discounting nurse practitioner Gargasz's opinion are not substantially supported by the record. Defendant's First and Second Objections to the R&R are **OVERRULED**.

### b. The ALJ Did Not Provide Adequate Justification for How He Assessed Plaintiff's Subjectively-Reported Symptoms.

The ALJ considered Horton's subjective testimony, but concluded that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."[51]

The R&R "recommends that the Court order remand for the Commissioner to reconsider/re-explain his analysis of Plaintiff's subjective statements."[52] The R&R suggests that the ALJ did not sufficiently explain how he assessed Horton's testimony. In rejecting the ALJ's conclusion, the Magistrate Judge found that the Defendant's briefing offered only post-hoc justifications for the ALJ's decision.[53]

Defendant objects to the R&R's conclusion that "[t]he bridge between the evidence and the ALJ's conclusion is lacking," regarding Horton's subjective testimony. Defendant contends that the R&R misinterprets Defendant's briefing.[54] Defendant claims it offered no post-hoc justifications, but considered only the ALJ's proffered reasons.[55]

Defendant is correct that the R&R does not acknowledge Defendant's briefing and the ALJ's report discussed the same justifications; that is, they both considered the intensity

---

[50] Doc. 11 at 48-49.
[51] Doc. 11 at 25.
[52] Doc. 16 at 21.
[53] Doc. 16 at 21-22.
[54] Doc. 17 at 4.
[55] *Id.*

of Horton's symptoms, the use of her insulin pump, work history, and daily activities.[56]

As noted above, though, there is no substantial support for the ALJ's conclusion that Horton's insulin pump use ends any need for unscheduled breaks to monitor and treat her blood sugar levels. Since the assumption that the insulin pump will improve Horton's condition underpins the ALJ's analysis of Horton's symptoms and work history, the Commissioner should reevaluate these factors too.

The Court therefore adopts the R&R's finding that the ALJ should reconsider or re-explain why Horton's testimony is not credible.

Defendant's Third Objection to the R&R is **OVERRULED**.

IV. Conclusion

The ALJ's explanation of why he discounted nurse practitioner Gargasz's opinion is not supported by substantial evidence. While the ALJ may still determine Horton was not disabled, his explanation for the weight given to Gargasz's "other source" opinion must be supported by substantial evidence. The ALJ should also reassess his analysis of Horton's statements and provide support for conclusions stemming from such analysis.

For the foregoing reasons, the Court **OVERRULES** Defendant's objections, **ADOPTS** the R&R, **VACATES** the Commissioner's decision, and **REMANDS** this case to the ALJ.

IT IS SO ORDERED.

Dated: February 25, 2020    *s/         James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[56] *See* Doc. 14 at 16-18.